RECEIVED
IN ALEXANDRIA, LA.

AUG - 2 2012

TONY R. MOORE, CLERK
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DAVID LYNN STAPLEMAN #239476  CIVIL ACTION NO. 1:12-CV-823
a.k.a. DAVID LYNN STAPLETON

VERSUS  JUDGE DRELL

DEPT. OF PUBLIC SAFETY &  MAGISTRATE JUDGE KIRK
CORRECTIONS

## REPORT AND RECOMMENDATION

Pro se Plaintiff David Lynn Stapleman (a.k.a. David Stapleton) filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. He complains that his constitutional rights were violated when defendants refused to correct his time calculations. He names as defendants Libby Tigner, Rodney Slay, Beau Hunandy, and Jeffery Gaspard.

### *Factual Allegations*

Plaintiff alleges that his incarceration time was miscalculated due to the deliberate indifference of the defendants. He alleges that he proved his case in a lawsuit filed in the Nineteenth Judicial District Court, and that the defendants admitted their error during a video conference in December of 2010. [Doc. #1, p.4]

Plaintiff has multiple convictions and sentences from 1998 through 2008, summarized as follows:

7/7/98 - #35478 - sentenced to 5 years of imprisonment, with two of those years suspended + 5 years of probation
3/13/99 - #35478 - released from custody on "good time" for the 3 years that were not suspended; began serving

                    good time parole + 5 years probation

9/13/00 - #35478 -  finished serving the "good time" parole, but still on the 5 years probation until 2004

1/13/04 - #35478 & 271113 -  5 year probation revoked because new felony conviction. Sentenced to 5 years on new conviction.

10/19/04 - #35478 & 271113 -  released on "good time"

9/27/05 - #271113 - "good time" parole completed in docket 271113

10/10/05 - #35478 - sentence completed in docket 35478

2/13/07 - #35478 -  warrant issued by Parole Board for new felony charges

2/7/08 - #07169 - sentenced to thirty years on new felony

12/10/08 - #07169 - sentence vacated

6/18/09 - #07169 - re-sentenced to thirty years

    Plaintiff claimed that he did not receive credit for eighteen months served on the first sentence -#35478. It was ultimately determined at a video hearing in 2010 that the DOC had originally listed Plaintiff's full-term date on that particular sentence (#35478) as April 10, 2007, but it should have been October 8, 2005. [Doc. #1-1 p.88/96] Still, it was also determined that Plaintiff *did not* spend any more time in jail than he should have. Plaintiff explained that he wanted documentation of the correct date in order to pursue a post-conviction application for a subsequent sentence. [Doc. #1-1, p.90/96] The state agreed, and sent Plaintiff a certificate reflecting the completion of that sentence on October 8, 2005. [Doc. #1-1, p.64/96 - "Certificate of

Release - Completion of Sentence]   The hearing in which the date of completion of the suspended sentence from docket #35478 was conducted on Thursday, December 9, 2010.

### Law and Analysis

Plaintiff complains that his constitutional rights were violated when the defendants "deliberately refused to fix [Plaintiff's] time calculations."

The Supreme Court of the United States has determined that in order to recover damages for allegedly unconstitutional imprisonment, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Id.

Plaintiff overcame the Heck bar, at the latest, on December 9, 2010, when it was determined at a hearing that his full-time completion date of a 1998 sentence (#35478) was October 8, 2005 instead of April 10, 2007.  Thus, Plaintiff had one year from the date of the hearing 12/9/10 to file suit in this court under Section 1983.  Plaintiff did not file the instant suit until April of 2012.  Therefore, his suit is time-barred.

3

Even if his claim was not barred by the applicable statute of limitations, Plaintiff would not be eligible for monetary damages as he suffered no injury. It was concluded at the December 2010 hearing that Plaintiff did not spend any extra time in jail than he should have. Therefore, there was no harm suffered or damage done to Plaintiff by the error. Additionally, Plaintiff has not alleged the deprivation of any constitutional right by the error in calculation.

### *Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 31st day of July, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE